**Jose Enrique DE JESUS ADORNO, et al., Plaintiffs,**

v.

**BROWNING FERRIS INDUSTRIES OF PUERTO RICO, INC., Defendant.**

No. 97–1091 (JP).

United States District Court, D. Puerto Rico.

Jan. 8, 1998.

**122**

Jaime F. Agrait Lladó, San Juan, PR, for plaintiff.

Roberto Márquez Sánchez, Law Offices of Benjamín Acosta, Jr., San Juan, PR, for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

## I. INTRODUCTION AND BACKGROUND

The Court has before it Defendant's Motion for Summary Judgment (**docket No. 28**) and Plaintiff's Cross Motion for Summary Judgment and Opposition to BFI'[s] Motion for Summary Judgment, and Supporting Memorandum of Law (**docket No. 31**).

Plaintiff's Cross–Motion for Summary Judgment, filed December 1, 1997, is untimely under the Court's Initial Scheduling Conference Order, which permitted the filing of dispositive motions only until October 31, 1997.[1] The Court will only consider Plaintiff's opposition.

The pertinent facts are essentially undisputed. On or about August of 1990, a garbage truck owned by Defendant Browning Ferris Industries ("BFI") and driven by a BFI employee while providing garbage collection services to Condominium Sky Towers III ("the Condo") damaged a retaining wall. The wall was built into a small hillock and housed the concrete platform where the Condo's garbage dumpster was located. The BFI truck used a mechanical arm for lifting and emptying dumpsters into its bed. While attempting to return the dumpster to the concrete platform after emptying its contents, the driver caused the bottom of the dumpster to strike the wall. A section of the wall broke away and fell, along with the earth behind it, onto the concrete platform.

BFI paid for repairing the wall. It is unclear whether BFI hired a contractor to do the repairs or whether BFI simply reimbursed the Condo for the cost of repairs. In either case, the contractor repaired the wall within several weeks after the wall had been damaged. In doing so, however, the contractor left a hole in the ground directly behind the wall.[2] On July 11, 1991, nearly one year after the wall was damaged and repaired, one Hada Gonzalez was injured when her foot slipped into the hole as she attempted to dump garbage into the dumpster. She sued BFI and the Condo, and the case settled.[3]

---

1. By Order of October 17, 1997, the Court extended the deadline for dispositive motions until November 7, 1997. Even so, Plaintiff's Cross Motion for Summary Judgment is untimely, and the Court will not consider it. In light of the Court's ruling, the decision not to address Plaintiff's Cross Motion is of no moment.

2. Plaintiff asserts the hole was created when the truck driver damaged the wall; Defendant asserts the hole was created during the repair process; and the Court believes the hole was most likely created by erosion following the re-

pair. For the purposes of Defendant's motion, the Court accepts Plaintiff's contention.

3. Defendant asserts that Plaintiff in the case at bar did not sue the Condo because Puerto Rico's workman's compensation statute forbids it. It is true that an insured employer is immune from tort suit, but the Defendant has provided no evidence from which the Court could conclusively determine that the Condo was an insured employer. The issue has no bearing on the Court's holding.

The Board of Directors of the Condo [4] knew of the hole since at least late 1990. On October 29, 1995, Plaintiff, a maintenance employee working for the Condo, fell into the hole and sustained injuries as he was attempting to drop a heavy bag of dirt into the trash container from behind the wall.[5]

## II. SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides:

> "[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The purpose of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). To make this determination, the Court must cull the record for genuine disputes of material fact, drawing all reasonable inferences in favor of the party against whom summary judgment is sought. *See Kennedy v. Josephthal & Co.*, 814 F.2d 798, 804 (1st Cir.1987). "Material means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorable to the nonmovant." *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995). "A dispute is genuine if the parties' positions on the issue are supported by conflicting evidence." *Int'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Ctr.*, 103 F.3d 196, 200 (1st Cir.1996). If there are material factual disputes, summary judgment is inappropriate.

## III. ANALYSIS

In this case, Plaintiff premises liability on the following argument. Defendant's negligence caused the hole into which Plaintiff fell. Defendant knew or should have known the hole was there and yet did nothing to fix the hole. Defendant's knowledge can be imputed from three facts. First, Defendant's employee broke the wall and knew that the earth behind the wall caved in. Second, Defendant paid to have the wall repaired, and the person paid by BFI to repair the wall negligently left the hole. Third, Hada Gonzalez fell into the hole in 1991 and sued BFI, along with the Condo. According to Plaintiff, these incidents demonstrate that BFI was on notice that the dangerous condition BFI created remained uncorrected. The existence of the hole made Plaintiff's injury foreseeable, so that BFI's failure to repair the hole constituted negligence. Plaintiff's injury was proximately caused by BFI's failure to repair the hole, so, under Puerto Rico's Civil Code, BFI is liable for any damages sustained by Plaintiff as a result of his injury. P.R.Laws Ann. tit. 31 § 5141.

Defendant's principal argument is that BFI had no duty to repair the hole.[6] Having no duty, it could not foresee that its failure to repair the hole would lead to Plaintiff's injury. When BFI broke the wall, it acted as a reasonable and prudent person by having the wall fixed as soon as possible. BFI's duty was to the Condo to pay for the repair. BFI did not adopt the Condo's duty to maintain a safe premises. After it paid for the repair, only the Condo bore the duty of ensuring that the areas surrounding the platform were in safe condition. The Condo was put on

---

**4.** Defendant asserts that Hada Gonzalez was herself a member of the Board of Directors of the Condo. Although that fact is unsupported by evidence, Plaintiff accepts that the Board knew of the hole in 1990.

**5.** Apparently, in order to throw garbage into the container from a height above the top of the container, residents climb up the hill into which the retaining wall is built and throw their garbage into the dumpster from behind.

**6.** Defendant also argues that Plaintiff assumed the risk/was contributorily negligent by climbing the slope behind the dumpster carrying a heavy bag. The Court holds that genuine disputes of material fact exist regarding this argument, so that Summary Judgment is inappropriate. BFI also argues that the proximate cause of Plaintiff's injury was the grass covering the hole, and not the hole itself. Genuine disputes of material fact also remain regarding this argument, so that Summary Judgment is inappropriate. Therefore, the Court will only address Defendant's first argument.

notice by Hada Gonzalez's law suit that the hole existed. The Condo, and not BFI, bore the duty of repairing the hole. Therefore, BFI could not foresee that its failure to repair the hole would lead to Plaintiff's injury.

■ The Court believes that whether BFI had a duty to repair the hole is dispositive of Plaintiff's claim. Under Puerto Rico law, to recover on a negligence theory under Article 1802, a plaintiff "must establish (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortious conduct." *Woods–Leber v. Hyatt Hotels of Puerto Rico, Inc.*, 124 F.3d 47, 50 (1st Cir.1997) (citing *Sociedad de Gananciales v. Gonzalez Padin*, 17 P.R.Offic.Trans. 111, 125 (1986). As a simple matter of tort law, if BFI had no duty to repair the hole, it cannot be held liable for its failure to do so. *Sociedad de Gananciales*, 17 Offic.Trans. at 123 (in order for an injury caused by an omission to give rise to liability, "the requirements are: (a) that in all likelihood, verging on certainly, the injury could have been avoided if the action omitted would have been carried out; (b) that there was a legal duty to avoid the resulting injury") (citing Santos Birz, XXIV Comentarios al Codigo Civil y Compilaciones Forales 101, Espana, Ed.Rev.Der. Privado (1984)). As a general rule, a property owner such as the Condo has a duty to maintain its premises in a safe condition. *Fireman's Fund. Am. Ins. Co. v. Almacenes Miramar, Inc.*, 649 F.2d 21, 25 (1st Cir.1981) (collecting Puerto Rico case law); *Paredes v. Hilton Int'l of Puerto Rico*, 896 F.Supp. 223, 229 (D.Puerto Rico 1995):

> "It is a well established general principal and uniformly followed by case law that when a building has various apartments or units and these are leased to different tenants, the entrances, lobbies, stairs, and corridors of common use remain, unless otherwise agreed to, in the possession and under the control of the lessor, and consequently the responsibility for its conditions and security rests upon him. The lessor has the duty to see that the facilities of common use are in conditions that offer security to the tenants as well as to the persons who legitimately have access to the building."

(quoting *Santaella Negron v. Recurrente*, 83 D.P.R. 887, 892, 1961 WL 13758 (1961)). But BFI was not the owner of the property where the hole that caused Plaintiff's injury was left. Plaintiff must demonstrate BFI's duty based on some other rule.

■ "A legal duty can be created in three ways ... it can be created by statute, regulations, ordinance, by-law, or contract (citations omitted); it can be created by a special relationship between the parties which has arisen through custom, i.e., the relationship between landlord and tenant or hotel and guest (citations omitted); and it can be created as the result of the traditionally recognized duty of care particular to the situation." *Saracco v. Consejo de Titulares del Condominio Coral Beach*, 1993 WL 99274 *3 (D.Puerto Rico). Thus, in order to make out a prima *facie case* for liability for an omission, the Plaintiff must demonstrate either that "there exists a statute, regulation, ordinance, or contract that creates a legal duty" on the part of BFI to maintain the Condo's property where the hole was located; that "a special relationship existed" between the Plaintiff and BFI which mandated that BFI maintain the Condo's property where the hole was located; or that BFI had a general duty to maintain that property "in the absence of any particular duty." *Id.* at *4.

■ Plaintiff points to no law, regulation, ordinance or contract[7] to demonstrate BFI's asserted duty, and the Court knows of none. Likewise, Plaintiff describes no special relationship between BFI and the Plaintiff that would create such a duty, and no such relationship appears from the facts. Instead, Plaintiff argues that BFI had a general duty, in the absence of any particular duty, to repair the hole because its negligent act damaged the wall and the negligent repair made by the contractor BFI paid left the hole. The Court holds that BFI had no duty to

---

7. Defendant points to its contract with the Condo as proof that BFI had no duty to maintain the premises surrounding the dumpster. Plaintiff makes no reference to that contract.

repair the hole and cannot be held liable, as a matter of law, for any damages Plaintiff suffered from stepping into the hole.

BFI had a relationship with the Condo. When BFI's driver damaged the wall, BFI acquired several duties. BFI was obligated to ensure that the Condo, as the property owner, was made aware of the damage and any attendant dangerous conditions. BFI was also obligated to pay for the damage its driver's negligence caused. Had the driver's negligence created an immediate danger to others, the exigent situation might have required BFI to undertake additional duties. But BFI had no right, and would not be permitted (absent unusual circumstances) to enter onto the Condo's property in a capacity not authorized by their relationship, i.e., to repair the hole.

However, in this case a factual dispute exists as to whether BFI engaged a contractor to repair the wall in 1990. Plaintiff asserts that the contractor's negligent repair was a proximate cause of his injury and that BFI is liable for any injury caused by the contractor's negligence. Even if Plaintiff's assertion were true, that duty did not include a duty to repair. Moreover, any duty thrust upon BFI by the contractor's negligence expired when Hada Gonzalez's injury exposed the condition to the Condo.

In essence, Plaintiff's argument contains a fatal flaw—the hole was not within BFI's power to remedy. The most that BFI had the authority to do with respect to the hole was warn the Condo. The Condo controls its property, and part of that control entails the right to prevent BFI or anyone else from entering onto its property and making alterations thereto. BFI cannot be perpetually liable for injuries caused by the damage it caused to the Condo's property simply because the Condo fails to restore its property to a safe condition. At some point, the Condo's failure to remedy the situation becomes a superseding, intervening cause. That point is a reasonable time after the Condo becomes aware of the danger. The Condo became aware of the danger in this case no later than it found out about Hada Gonzalez's injury. And a reasonable time to fix the hole was certainly less than the several years between the Condo's becoming aware of the hole and Plaintiff's accident. Therefore, the Condo's failure to repair the hole is clearly the superseding, intervening cause of Plaintiff's injury in this case. To hold BFI liable would be unprincipled and unfair.

## IV. CONCLUSION

Based on the uncontested facts, the Court holds as a matter of law that BFI had no duty to repair the hole that caused Plaintiff's injury and cannot be held liable for that injury. Therefore, the Court hereby **ENTERS JUDGMENT DISMISSING THE COMPLAINT WITH PREJUDICE.**

IT IS SO ORDERED, ADJUDGED, AND DECREED.