USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1247

 JOSE ENRIQUE DE-JESUS-ADORNO, ET AL.,

 Plaintiffs, Appellants,

 v.

 BROWNING FERRIS INDUSTRIES OF PUERTO RICO, INC., ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

 Before

 Stahl, Circuit Judge,
 Lipez, Circuit Judge, 
 and Reavley,* Senior Circuit Judge.
 
 

 Jaime F. Agrait-Llado with whom Francisco Agrait-Oliveras and
Agrait-Llado Law Offices were on brief for appellants.
 Roberto Marquez-Sanchez with whom Law Offices of Benjamin
Acosta, Jr. was on brief for appellees.

November 25, 1998

 
 

_____________________
*Of the Fifth Circuit, sitting by designation.
 STAHL, Circuit Judge. Plaintiff-appellant Jose Enrique
De Jesus Adorno, an employee of Condominium Sky Towers III
("Condominium"), brought this diversity action under Article 1802
of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, 5141
(1991), seeking damages for injuries sustained while attempting to
deposit dirt in a trash container located on the Condominium's
property and serviced by defendant-appellee Browning Ferris
Industries of Puerto Rico, Inc. ("BFI"). Plaintiff appeals from
the district court's decision granting BFI's motion for summary
judgment. See Adorno v. Browning Ferris Industries of Puerto Rico,
Inc., 992 F. Supp. 121 (D.P.R. 1998). We affirm.
 I. Background
 Consistent with the summary judgment standard, we review
the evidence in the light most favorable to plaintiff. See Coynev. Taber Partners I, 53 F.3d 454, 457 (1st Cir. 1995). At all
relevant times, BFI provided garbage disposal services to the
Condominium. The trash container at the Condominium was located on
a cement platform enclosed on three sides by concrete walls. The
platform is built into the slope of a small knoll, and the
surrounding walls serve as retaining walls for the soil of the
hill.
 In August 1990, a BFI truck driver hit the back wall
above the cement platform. As a result of the impact, part of the
wall and some of the soil behind the wall fell into the area of the
platform. At the Condominium's request, BFI paid for the damage to
the wall, and within a few weeks the wall was repaired. The person
whom BFI paid to make the repairs failed, however, to adequately
fix a hole in the ground behind the back wall of the trash
container platform, created when the retained soil fell into the
platform area.
 Since late 1990, the Condominium knew of the existence of
the hole. On July 11, 1991, nearly one year after the wall was
damaged, a resident of the Condominium, Hada Gonzalez, was injured
when her foot slid into the hole as she attempted to dump garbage
into the trash container from behind the wall. On January 23,
1992, Gonzalez filed a complaint against the Condominium and BFI,
alleging that BFI had created the hole behind the trash container
platform and that her foot slid into that hole, resulting in her
accident. In October 1993, BFI and the Condominium each agreed to
pay half of Gonzalez's damages, and the suit was settled out of
court. No action was taken to address the danger created by the
hole. 
 On October 29, 1995, plaintiff, a maintenance employee
for the Condominium, fell into the hole and was injured as he
attempted to deposit a heavy bag of dirt into the trash container. 
On January 27, 1997, plaintiff sued BFI in district court. 
Plaintiff claimed extracontractual negligence under article 1802 of
the Civil Code, and sought relief for physical, economic, and
emotional damages. Upon the close of discovery, the parties filed
cross-motions for summary judgment.
 On January 8, 1998, the district court granted BFI's
motion for summary judgment and denied plaintiff's motion. Taking
the facts in the light most favorable to plaintiff, the court ruled
that BFI had no duty to repair the hole that caused plaintiff's
injury, and could not be held liable in negligence for his injury. 
See Adorno, 992 F. Supp. at 125. This appeal followed.
 II. Standard of Review
 Summary judgment is appropriate when the record shows 
"that there is no genuine issue as to any material fact and that
the moving party is entitled to judgment as a matter of law." Fed.
R. Civ. P. 56(c); see also Coyne, 53 F.3d at 457. The purpose
underlying summary judgment is "to pierce the pleadings to assess
the proof in order to see whether there is a genuine need for a
trial." Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir.
1990). A trialworthy issue exists if the evidence is such that
there is a factual controversy pertaining to an issue that may
affect the outcome of the litigation under the governing law, and
the evidence is "sufficiently open-ended to permit a rational
factfinder to resolve the issue in favor of either side." National
Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.
1995); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).
 Appellate review of an order granting summary judgment is
plenary. See Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc., 124
F.3d 47, 50 (1st Cir. 1997). In exercising such review, we examine
the record in the light most favorable to the nonmovant, and
indulge all reasonable inferences favorable to that party. See
id.; Garside, 895 F.2d at 48. Yet we may "affirm a judgment on any
independently sufficient ground" made manifest by the record. 
Polyplastics, Inc. v. Transconex, Inc., 827 F.2d 859, 860-61 (1stCir. 1987).
 III. Analysis
 Plaintiff raises essentially one claim of error on
appeal: that he presented sufficient evidence to support his claim
that BFI was liable on a theory of negligence. Plaintiff asserts
that BFI was negligent in leaving the hole it created unrepaired. 
BFI counters that it had no duty to repair the hole. We agree
with BFI that it had no such duty.
 Article 1802 of the Civil Code of Puerto Rico imposes
liability on any person or entity who by an act or omission causes
damage to another through fault or negligence. See P.R. Laws Ann.
tit. 31, 5141; Valle v. American Int'l Ins. Co., 8 P.R. Offic.
Trans. 735, 738, 108 P.R. Dec. 692 (1979). "Negligence has been
defined by the Commonwealth courts as the failure to exercise due
diligence to avoid foreseeable risks." Malave-Felix v. Volvo Car
Corp., 946 F.2d 967, 971 (1st Cir. 1991). A plaintiff suing for
personal injuries on a negligence theory "under Article 1802 must
establish (1) a duty requiring the defendant to conform to a
certain standard of conduct, (2) a breach of that duty, (3) proof
of damage, and (4) a causal connection between the damage and the
tortious conduct." Wood-Leber, 124 F.3d at 50; see also Sociedad
de Grananciales v. Gonzalez Padin, 17 P.R. Offic. Trans. 111, 125,
117 P.R. Dec. 94, 105 (1986). 
 In this case, where the allegation is that BFI failed to
repair the hole, we are concerned with an omission. An omission
gives rise to a cause of action only in cases where there is a
legal duty to act. See Muniz v. National Can Corp., 737 F.2d 145,
148 (1st Cir. 1984); Zabala Clemente v. United States, 567 F.2d
1140, 1142 (1st Cir. 1977) (applying Puerto Rico law). Under Puerto
Rico law, a legal duty arises in one of three ways: (1) by a
statute, regulation, ordinance, bylaw or contract; (2) as the
result of a special relationship between the parties that has
arisen through custom; or (3) as the result of a traditionally
recognized duty of care particular to the situation. See Saraccov. Consejo de Titulares Del Condominio Coral Beach, No. CIV.91-
2632(JAF), 1993 WL 99274, at *3 (D.P.R. Mar. 18, 1993). 
 Plaintiff's argument is that BFI had a "traditionally
recognized duty" to repair the hole because its negligent act
created the dangerous condition and the negligence of the person
whom BFI paid to make the repairs left the dangerous condition
uncorrected. We find that the duty of ordinary care required BFI
to compensate the Condominium for the damage to the wall, but did
not vest BFI with a perpetual legal duty to maintain the safety of
the Condominium's property. We hold that BFI satisfied its duty
when it paid for the damage that its driver's negligence caused,
and that it cannot be held liable, as a matter of law, for
plaintiff's damages. We explain briefly.
 BFI breached its duty of ordinary care when its driver
damaged the retaining wall. See P.R. Laws Ann. tit. 31, 5141;
Rivera v. Maryland Cas. Co., 96 P.R. Dec. 600 (1968). This breach
obligated BFI to notify the property owner of the damage and any
attendant dangerous conditions, and to pay for the damage caused by
its driver's negligence. See P.R. Laws Ann. tit. 31, 5141
(requiring a person who causes damage to another through fault or
negligence to repair the damage). BFI satisfied its obligation
when it notified the Condominium of the damage and paid for its
repair. 
 At this point, the only duty that remained was the
Condominium's nondelegable duty to maintain its premises in a
reasonably safe condition. See Colmenares Vivas v. Sun Alliance
Ins. Co., 807 F.2d 1102, 1107 (1st Cir. 1986); Paredes v. Hilton
Int'l of Puerto Rico, 896 F. Supp. 223, 229 (D.P.R. 1995). Unlike
the Condominium, once BFI fulfilled its duty of ordinary care it
had no continuing legal duty to ensure the safety of the premises. 
Indeed, BFI could not ensure such safety because it did not have a
continuing right to enter the Condominium's property in order to
effectuate further repairs to the premises. See Restatement
(Second) of Torts 158 cmt. c, 169 (1965); W. Page Keeton et al.,
Prosser and Keeton on the Law of Torts 13 (5th ed. 1984). The
Condominium had a duty, instead, to inspect the original repair to
ensure that its premises were reasonably safe. See Paredes, 896 F.
Supp at 229; Restatement (Second) of Property 17.5 cmt. c, 19.1
cmts. a, b (1977). If the Condominium was dissatisfied with the
original repair, it should have requested either that BFI
adequately remedy the situation or that BFI compensate it for its
remedial costs. 
 In sum, because BFI had no continuing duty to maintain
the safety of the Condominium's property after it fulfilled its
ordinary duty of care, its failure to repair the hole was not a
negligent omission actionable under Puerto Rico law.IV. Conclusion
 For the reasons stated above, we affirm the district
court's entry of summary judgment in favor of the defendant. 
 Affirmed. Costs to appellees.