**Jose Enrique DE–JESUS–ADORNO, et al., Plaintiffs, Appellants,**

v.

**BROWNING FERRIS INDUSTRIES OF PUERTO RICO, INC., et al., Defendants, Appellees.**

No. 98–1247.

United States Court of Appeals, First Circuit.

Heard Oct. 8, 1998.

Decided Nov. 25, 1998.

---

Jaime F. Agrait–Llado with whom Francisco Agrait–Oliveras and Agrait–Llado Law Offices were on brief for appellants.

Roberto Marquez–Sanchez with whom Law Offices of Benjamin Acosta, Jr. was on brief for appellees.

Before STAHL, Circuit Judge, LIPEZ, Circuit Judge, and REAVLEY,* Senior Circuit Judge.

STAHL, Circuit Judge.

Plaintiff-appellant Jose Enrique De Jesus Adorno, an employee of Condominium Sky Towers III ("Condominium"), brought this diversity action under Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5141 (1991), seeking damages for injuries sustained while attempting to deposit dirt in a trash container located on the Condominium's property and serviced by defendant-appellee Browning Ferris Industries of Puerto Rico, Inc. ("BFI"). Plaintiff appeals from the district court's decision granting BFI's motion for summary judgment. *See De Jesus Adorno v. Browning Ferris Industries of Puerto Rico, Inc.*, 992 F.Supp. 121 (D.P.R.1998). We affirm.

* Of the Fifth Circuit, sitting by designation.

## I. Background

Consistent with the summary judgment standard, we review the evidence in the light most favorable to plaintiff. *See Coyne v. Taber Partners I*, 53 F.3d 454, 457 (1st Cir. 1995). At all relevant times, BFI provided garbage disposal services to the Condominium. The trash container at the Condominium was located on a cement platform enclosed on three sides by concrete walls. The platform is built into the slope of a small knoll, and the surrounding walls serve as retaining walls for the soil of the hill.

In August 1990, a BFI truck driver hit the back wall above the cement platform. As a result of the impact, part of the wall and some of the soil behind the wall fell into the area of the platform. At the Condominium's request, BFI paid for the damage to the wall, and within a few weeks the wall was repaired. The person whom BFI paid to make the repairs failed, however, to adequately fix a hole in the ground behind the back wall of the trash container platform, created when the retained soil fell into the platform area.[1]

Since late 1990, the Condominium knew of the existence of the hole.[2] On July 11, 1991, nearly one year after the wall was damaged, a resident of the Condominium, Hada Gonzalez, was injured when her foot slid into the hole as she attempted to dump garbage into the trash container from behind the wall.[3] On January 23, 1992, Gonzalez filed a complaint against the Condominium and BFI, alleging that BFI had created the hole behind the trash container platform and that her foot slid into that hole, resulting in her accident. In October 1993, BFI and the Condominium each agreed to pay half of Gonzalez's damages, and the suit was settled out of court. No action was taken to address the danger created by the hole.

On October 29, 1995, plaintiff, a maintenance employee for the Condominium, fell into the hole and was injured as he attempted to deposit a heavy bag of dirt into the trash container. On January 27, 1997, plaintiff sued BFI in district court.[4] Plaintiff claimed extracontractual negligence under article 1802 of the Civil Code, and sought relief for physical, economic, and emotional damages.[5] Upon the close of discovery, the parties filed cross-motions for summary judgment.

On January 8, 1998, the district court granted BFI's motion for summary judgment and denied plaintiff's motion. Taking the facts in the light most favorable to plaintiff, the court ruled that BFI had no duty to repair the hole that caused plaintiff's injury, and could not be held liable in negligence for his injury. *See Adorno*, 992 F.Supp. at 125. This appeal followed.

## II. Standard of Review

Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Coyne*, 53 F.3d at 457. The purpose underlying summary judgment is "to pierce the pleadings to assess the proof in order to see whether there is a genuine need for a trial." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). A trialworthy issue exists if

---

1. The district court concluded that the hole was likely created by contraction and subsidence of the soil following the repair. While this is a reasonable conclusion the summary judgment standard requires us to view the facts in the light most favorable to the nonmovant. Therefore, for purposes of this appeal we accept plaintiff's contention that the hole was created when the driver damaged the wall.

2. The record reflects that the Condominium administrator was dissatisfied with the original repair because a hole had been left behind the retaining wall.

3. Apparently, in order to more easily deposit garbage in the trash container, residents climb up the knoll into which the retaining wall is built. Residents then throw their garbage into the container from behind at a height above the top of the container.

4. Adorno's wife, Jacklyn Maldonado Reyes, joined as a coplaintiff. Her claim is derivative, so we treat the appeal as if Adorno were the sole plaintiff and appellant.

5. A claim of extracontractual negligence arises out of a negligent or wrongful act unconnected with any contract between the parties. *See Municipality of Cayey v. Soto-Santiago*, 92 JTS 97, 1992 WL 754881 (1992); *Mejias v. Lopez*, 51 D.P.R. 21 (1937).

the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." *National Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 735 (1st Cir.1995); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Appellate review of an order granting summary judgment is plenary. *See Woods–Leber v. Hyatt Hotels of Puerto Rico, Inc.,* 124 F.3d 47, 50 (1st Cir.1997). In exercising such review, we examine the record in the light most favorable to the nonmovant, and indulge all reasonable inferences favorable to that party. *See id.; Garside,* 895 F.2d at 48. Yet we may "affirm a judgment on any independently sufficient ground" made manifest by the record. *Polyplastics, Inc. v. Transconex, Inc.,* 827 F.2d 859, 860–61 (1st Cir.1987).

### III. Analysis

■ Plaintiff raises essentially one claim of error on appeal: that he presented sufficient evidence to support his claim that BFI was liable on a theory of negligence. Plaintiff asserts that BFI was negligent in leaving the hole it created unrepaired. BFI counters that it had no duty to repair the hole. We agree with BFI that it had no such duty.

Article 1802 of the Civil Code of Puerto Rico imposes liability on any person or entity who by an act or omission causes damage to another through fault or negligence. *See* P.R. Laws Ann. tit. 31, § 5141; *Valle v. American Int'l Ins. Co.,* 8 P.R. Offic. Trans. 735, 738, 108 P.R. Dec. 692 (1979). "Negligence has been defined by the Commonwealth courts as the failure to exercise due diligence to avoid foreseeable risks." *Malave–Felix v. Volvo Car Corp.,* 946 F.2d 967, 971 (1st Cir.1991). A plaintiff suing for personal injuries on a negligence theory "under Article 1802 must establish (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortious conduct." *Woods–Leber,* 124 F.3d at

50; *see also Sociedad De Gananciales v. Gonzalez Padin,* 17 P.R. Offic. Trans. 111, 125, 117 P.R. Dec. 94, 105 (1986).

■■ In this case, where the allegation is that BFI failed to repair the hole, we are concerned with an omission. An omission gives rise to a cause of action only in cases where there is a legal duty to act. *See Muniz v. National Can Corp.,* 737 F.2d 145, 148 (1st Cir.1984); *Zabala Clemente v. United States,* 567 F.2d 1140, 1142 (1st Cir.1977) (applying Puerto Rico law). Under Puerto Rico law, a legal duty arises in one of three ways: (1) by a statute, regulation, ordinance, bylaw or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation. *See Saracco v. Consejo de Titulares del Condominio Coral Beach,* No. CIV.91–2632(JAF), 1993 WL 99274, at *3 (D.P.R. Mar.18, 1993).

Plaintiff's argument is that BFI had a "traditionally recognized duty" to repair the hole because its negligent act created the dangerous condition and the negligence of the person whom BFI paid to make the repairs left the dangerous condition uncorrected. We find that the duty of ordinary care required BFI to compensate the Condominium for the damage to the wall, but did not vest BFI with a perpetual legal duty to maintain the safety of the Condominium's property. We hold that BFI satisfied its duty when it paid for the damage that its driver's negligence caused, and that it cannot be held liable, as a matter of law, for plaintiff's damages. We explain briefly.

BFI breached its duty of ordinary care when its driver damaged the retaining wall. *See* P.R. Laws Ann. tit. 31, § 5141; *Rivera v. Maryland Cas. Co.,* 96 P.R. Dec. 600 (1968). This breach obligated BFI to notify the property owner of the damage and any attendant dangerous conditions, and to pay for the damage caused by its driver's negligence. *See* P.R. Laws Ann. tit. 31, § 5141 (requiring a person who causes damage to another through fault or negligence to repair the damage). BFI satisfied its obligation when

it notified the Condominium of the damage and paid for its repair.

 At this point, the only duty that remained was the Condominium's nondelegable duty to maintain its premises in a reasonably safe condition. *See Colmenares Vivas v. Sun Alliance Ins. Co.*, 807 F.2d 1102, 1107 (1st Cir.1986); *Paredes v. Hilton Int'l of Puerto Rico*, 896 F.Supp. 223, 229 (D.P.R. 1995). Unlike the Condominium, once BFI fulfilled its duty of ordinary care it had no continuing legal duty to ensure the safety of the premises. Indeed, BFI could not ensure such safety because it did not have a continuing right to enter the Condominium's property in order to effectuate further repairs to the premises. *See* Restatement (Second) of Torts §§ 158 cmt. c, 169 (1965); W. Page Keeton *et al.*, Prosser and Keeton on the Law of Torts § 13 (5th ed.1984). The Condominium had a duty, instead, to inspect the original repair to ensure that its premises were reasonably safe. *See Paredes*, 896 F.Supp. at 229; Restatement (Second) of Property §§ 17.5 cmt. c, 19.1 cmts. a, b (1977). If the Condominium was dissatisfied with the original repair, it should have requested either that BFI adequately remedy the situation or that BFI compensate it for its remedial costs.

In sum, because BFI had no continuing duty to maintain the safety of the Condominium's property after it fulfilled its ordinary duty of care, its failure to repair the hole was not a negligent omission actionable under Puerto Rico law.

## IV. Conclusion

For the reasons stated above, we affirm the district court's entry of summary judgment in favor of the defendant.

*Affirmed.* Costs to appellees.