**Edward PASCO, Plaintiff,**

v.

**John POTTER, as he is the Postmaster General of the United States Postal Service, and the United states Postal Service, Defendants.**

No. Civ.A.2000–12444–RBC.[1]

United States District Court,
D. Massachusetts.

Aug. 26, 2002.

Cornelius J. Sullivan, Sullivan & Walsh, Mattapan, MA, for Edward Pasco, plaintiff.

Gina Y. Walcott–Torres, U.S. Attorney's Office, Boston, MA, for John Potter, United States Postmaster General, defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 15)

COLLINGS, United States Magistrate Judge.

### I. Introduction

In June of 1998 plaintiff Edward Pasco ("Pasco" or "the plaintiff") was dismissed from the United States Postal Service ("USPS") after only three weeks of employment. The plaintiff subsequently brought suit in November of 2000 against

1. With the parties' consent, this case has been referred and reassigned to the undersigned for all purposes, including trial and the entry of judgement, pursuant to 28 U.S.C. § 636(c).

the defendant John Potter, serving in his official capacity as Postmaster General of the USPS and the USPS.[2] The plaintiff alleges that he was discriminated against on the basis of age, that his property interest in his position at the USPS was taken away without due process, and that his contract of employment was breached.

On April 2, 2002, the defendant filed the motion for summary judgment (# 15) now at hand together with a memorandum in support (# 16) and an appendix (# 17). In the dispositive motion, Potter contends that "because the undisputed facts show that the plaintiff cannot prove his claim of age discrimination, the Court should grant the defendant summary judgment, and dismiss the plaintiff's case." (# 15 at 2 [3]) Pasco duly filed an opposition to the motion with exhibits attached. (# 20) In mid-June, 2002, the defendant's reply brief (# 21) was submitted and, at this junction, the issues are ripe for decision.

## II. The Facts

After undergoing several months of interviewing and testing by the USPS, Pasco received an offer of employment letter dated April 29, 1998 from Robert J. Tripoli, a USPS Human Resource Specialist. The text of that letter read as follows:

Dear Mr. Pasco:

CONGRATULATIONS!

This is to notify you that you have been selected for the position of Associate Supervisor Level 15, at a salary of $39,504.

Your appointment will be effective May 18, 1998.

As previously discussed you will be attending a two week orientation session on the Postal Service. Following this training, you will begin the 16–week Associate Supervisor training program. You should feel very proud of your accomplishment, as you will be part of the first class of Associate Supervisors to come from outside the organization in this district.

Please report at 8:00 A.M. to:

Postal Employee Development Center . . .

You will be scheduled for 8 hours. You will be given information on the benefits that the U.S. Postal Service offers such as Health/Life insurance and retirement information.

Parking is very limited . . . Parking permits and Photo Identification Badges will be issued to you at orientation. Also, as part of the employment process all employees are required to be fingerprinted. This will be done during the orientation process.

Should you have any questions concerning this matter, please contact me . . .

Plaintiffs Opposition # 20, Exh. A.

Roughly a month after his appointment, on June 16, 1998, the plaintiff was notified in a letter from the USPS that he was to be "separated" from his "career position" as an Associate Supervisor as a result of his failure to score a total of five points on the examinations administered during

---

**2.** Of course the Postmaster General in his official capacity and the USPS are treated as one in the same entity and so throughout this Memorandum shall be referenced as "Potter" or "the defendant".

**3.** The motion thus seeks the entry on judgment only on Count I of Pasco's complaint, the age discrimination claim. That the defen-

dant devotes nine lines of argument in the text of his memorandum in support of his request that summary judgment be granted on Counts II and III is insufficient, as is the two plus pages devoted to the argument in the reply brief; Potter has not **moved** for the entry of judgment as a matter of law on those claims.

weeks one and two of the Associate Supervisor Training Program. (# 1, Exh. A[4])

On September 1, 1998, the plaintiff filed an EEO complaint claiming he was discriminated against on the basis of age[5]. (# 1, Exh. E) Specifically Pasco alleged that "my age was a factor in the termination as the postal service could not legitimately discharge me according to their ELM [Employee Labor Manual] . . ." (# 1, Exh. E) The plaintiffs complaint was denied, as was his subsequent appeal to the EEOC, as a result of the his failure to submit sufficient evidence to support his contention that age was a factor in his termination. (# 1, Exh. F at 1–6)

The Associate Supervisor Program at the USPS was inaugurated in October of 1996, with the first training class starting in February, 1997. (# 17, Exh. A) As of October 27, 1998 after several training classes had been completed, eight internal applicants[6] had been removed from the program for failing to qualify. (# 17, Exh. A) Out of those eight internal candidates, three were over the age of forty and the remaining five were under the age of forty. (# 17, Exh. A at 25) As of October 27, 1998, no other external applicant apart from the plaintiff had failed to qualify in the program.

In his answers to interrogatories, responding to the query "[s]tate the basis for the contention in paragraph 14 of the Complaint that the plaintiffs 'loss of . . . position relates primarily to his age,' and identify any documents supporting this contention", Pasco explained that in his view "the Postal Service, having initially encouraged him to apply for this position,

detected too much maturity in Mr. Pasco and too much understanding of how the real world works. These are the impediments of age." (# 17, Exh. B) At his deposition Pasco testified that he believed age was a motivating factor in his termination because he "couldn't think of any other reason why they [the USPS] would let me go." (# 17, Exh. C at 13) No one at the USPS ever said anything to the plaintiff about his age. (# 17, Exh. C at 16).

### III. The Summary Judgment Standard

Summary judgment is "a device that 'has proven its usefulness as a means of avoiding full-dress trials in unwinnable cases, thereby freeing courts to utilize scarce judicial resources in more beneficial ways.'" *Mullin v. Raytheon Co.*, 164 F.3d 696, 698 (1st Cir.), cert. denied, 528 U.S. 811, 120 S.Ct. 44, 145 L.Ed.2d 40 (1999) (quoting *Mesnick v. General Electric Co.*, 950 F.2d 816, 822 (1st Cir.1991)). The party moving for summary judgment "bears the initial burden, which may be discharged by pointing to the absence of adequate evidence supporting the nonmoving party's case." *Michelson v. Digital Financial Services*, 167 F.3d 715, 720 (1st Cir.1999). After the moving party has met its burden, "the onus is on the nonmoving party to present facts that show a genuine issue for trial." *Michelson*, 167 F.3d at 720.

When considering whether to grant summary judgment, the Court must determine whether:

> . . . the pleadings, depositions, answers to interrogatories, and admissions on

---

4. It is undisputed that Pasco failed to obtain a combined score of five on the two tests he took at the beginning of his Associate Supervisor training in June of 1998. (# 17, Tab C at 6)

5. Pasco was born on May 28, 1955, and was forty-three years old at the time of his dismissal. (# 1, Exh. E)

6. Internal applicants were individuals already employed by the USPS in other career positions.

file, together with the affidavits, if any, show that there is a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

In making this assessment, the Court must "accept all reasonable inferences favorable to the nonmovant." *Mullin*, 164 F.3d at 698; see also *Feliciano v. State of Rhode Island*, 160 F.3d 780, 788 (1st Cir. 1998); *Hinchey v. NYNEX Corp.*, 144 F.3d 134, 140 (1 Cir.1998); *Dykes v. Depuy, Inc.*, 140 F.3d 31, 33 (1st Cir.1998).

A factual dispute which is neither "genuine" nor "material" will not survive a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether a factual dispute is "genuine," the Court must determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; see also *Fajardo Shopping Center, S.E. v. Sun Alliance Insurance Company of Puerto Rico, Inc.*, 167 F.3d 1, 7 (1st Cir.1999) ("[A]n issue is 'genuine' if the evidence presented is such that a reasonable jury could resolve the issue in favor of the nonmoving party"); *De–Jesus–Adorno v. Browning Ferris of Puerto Rico*, 160 F.3d 839, 841–42 (1st Cir.1998) ("A trialworthy issue exists ... [if] the evidence is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.' "); *Feliciano*, 160 F.3d at 784; *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In weighing whether a factual dispute is "material," the Court must examine the substantive law of the case, because "only disputes over the facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; see also *De–Jesus–Adorno*, 160 F.3d at 841–42 ("A trialworthy issue exists if the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law"); *Fajardo Shopping Center, S.E.*, 167 F.3d at 7 (citing *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993)). "Thus the substantive law defines which facts are material." *Sanchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir. 1996) (citing *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505).

Rule 56 does not permit the party opposed to the summary judgment motion to rest upon the mere allegations or denials in its own pleadings. See *Mullin*, 164 F.3d at 698 (quoting *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992), cert. denied, 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993)) ("Its essential role is to 'pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required.' "). Rather, Rule 56(c):

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## IV. Discussion

Pasco contends that his dismissal from the USPS was the result of the defendant discriminating against him on the basis of age. It is unlawful under the Age Discrimination in Employment Act (ADEA) "to discharge any individual, or otherwise discriminate against any individual, with

respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." Title 29 U.S.C. § 623(a)(1). Claims alleging age discrimination may be analyzed under different approaches. When direct evidence of age discrimination is provided by the plaintiff, the Price Waterhouse "mixed motive" test would apply. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *Febres v. Challenger Caribbean Corp.*, 214 F.3d 57, 60 (1st Cir. 2000). When only circumstantial evidence is presented, then the familiar burden-shifting analysis is performed under the McDonell Douglas "pretext" test. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Mesnick v. General Electric Company*, 950 F.2d 816, 823 (1st Cir.1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). When it becomes difficult to distinguish between evidence that is direct and that which is circumstantial, the First Circuit has recognized the need to conduct a "totality of the evidence" review in order to determine whether a finding of age discrimination would be warranted. *Dominguez–Cruz v. Suttle Caribe*, 202 F.3d 424, 429–430 (1st Cir.2000).

■ Given the dearth of any direct evidence that age animus "played a motivating part" in Pasco's dismissal, it is the McDonell Douglas pretext test that is applicable. Under this burden-shifting analysis, the plaintiff must establish a prima facie case of age discrimination, and if the defendant responds with a legitimate reason for terminating the employee, the plaintiff must rebut the articulated, non-discriminatory reason by presenting adequate evidence to raise an issue of fact as to whether the defendant's stated reason was a pretext. See, e.g., *Baralt v. Nationwide Mutual Ins. Co.*, 251 F.3d 10, 16 n. 8 (1st Cir.2001), cert. denied, ―― U.S. ――,

122 S.Ct. 1064, 151 L.Ed.2d 967 (2002). In order to establish the elements of a prima facie case, Pasco must prove the following facts:

(1) that he was at least forty years old when he and his employer parted company; (2) that his job performance met the employer's legitimate expectations; (3) that he lost his position through an adverse employment action attributable to the employer (typically, a firing); and (4) that the employer had a continuing need for the services that he had been rendering.

*Suarez v. Pueblo International, Inc.*, 229 F.3d 49, 53 (1st Cir.2000) (citations omitted).

■ Potter contends that the plaintiff falters in his attempt to prove the second element of his prima facie case. It is argued that Pasco's job performance did not meet the legitimate expectations of the USPS consequent to his failure to obtain the required combined score of five points on the tests given to him in weeks one and two of training. The point is well taken and, in effect, dispositive of the plaintiff's age discrimination claim. Assuming, arguendo, that Pasco was successful in carrying his initial burden, the defendant has provided a legitimate, non-discriminatory reason for the plaintiff's separation from the USPS, to wit, he failed to obtain a minimum score of five points on the tests given during week one and two of the Associate Supervisor training. All the plaintiff proffers on the question of pretext is that he "couldn't think of another reason why they [the USPS] would let me go." This statement is not sufficient to raise an issue of fact as to whether the defendant's stated reason for dismissing the plaintiff was a pretext for age-based animus.

The unrebutted record evidence shows that the USPS was consistent in its handling of people both under and over the

age of forty in the Associate Supervisor Program. All applicants, regardless of age, were required to receive the same minimum scores on tests given during training in order to stay in the program. Out of the eight applicants in the Associate Supervisor Program who were dismissed from February, 1997 through October, 1998 (not including the plaintiff), five were under the age of forty and only three were over the age of forty.

In short, viewing all the evidence in the light most favorable to the Pasco, there simply is nothing to suggest, or from which it could be inferred, that the defendant's stated reason for terminating the plaintiff was a pretext for discrimination. The defendant is entitled to the entry of judgment as a matter of law in its favor on the plaintiff's age discrimination claim.

### V. Conclusion and Order

Accordingly, for the reasons stated it is ORDERED that Defendant's Motion for Summary Judgment (# 15) be, and the same hereby is, ALLOWED as to Count I of the complaint.