**BOB'S DISCOUNT FURNITURE, INC.**

and

**Bob's Discount Furniture of Massachusetts, LLC,**
**Plaintiffs**

v.

**BOB'S DISCOUNT OFF–PRICE SUPERSTORES, INC.,**
**Defendant**

**No. CIV.04–83–P–C.**

United States District Court,
D. Maine.

Jan. 27, 2005.

Todd S. Holbrook, Bernstein, Shur, Sawyer, & Nelson, John G. Osborn, Bernstein, Shur, Sawyer, & Nelson, Sarah B. Tracy, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Bob's Discount Furniture Incorporated, Bob's Discount Furniture of Massachusetts LLC, Plaintiffs.

Sean M. Farris, Farris, Heselton, Ladd & Bobrowiecki, P.A., Gardiner, ME, for Bob's Discount Off–Price Superstores Incorporated, Defendant.

### ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

GENE CARTER, Senior District Judge.

Plaintiffs Bob's Discount Furniture, Inc. (hereinafter "Bob's Discount Furniture") and Bob's Discount Furniture of Massachusetts, LLC (hereinafter "BDF–Mass") initiated this action against Defendant Bob's Discount Off–Price Superstores, Inc. (hereinafter "Bob's Discount Off–Price") alleging, *inter alia*, violations of the Lanham Act, 15 U.S.C. § 1051, *et seq.* On July 19, 2004, this Court entered a preliminary injunction prohibiting Defendant from use of the trade name "Bob's Discount Furniture" or any confusingly similar name such as "Bob's Discount Furniture and More."[1] Order Granting Preliminary Injunction (Docket Item No. 21). Now before the Court is Plaintiffs' Motion for Partial Summary Judgment (Docket Item No. 25). Plaintiffs move for an entry of summary judgment as to Count II of their Complaint (alleging trademark infringement), a declaration that Defendant's alleged trademark infringement was "willful," and an entry of summary judgment in their favor on all of Defendant's counterclaims. For the reasons set forth below, the Court will grant Plaintiffs' Motion.

### I. Facts

#### a. Bob's Discount Furniture and BDF–Mass

Plaintiff Bob's Discount Furniture is a Connecticut corporation with a principal place of business in Manchester, Connecticut. On September 25, 1995, Bob's Discount Furniture filed an application for federal trademark protection of the mark "Bob's Discount Furniture" with the United States Patent and Trademark Office ("USPTO"). On December 17, 1996, the USPTO registered the mark as a trademark for retail furniture services.

Plaintiff BDF–Mass is Bob's Discount Furniture's exclusive licensee for the use of the "Bob's Discount Furniture" mark in Maine. In early 2004, BDF–Mass filed a Statement of Intention to do Business Under an Assumed or Fictitious Name of Bob's Discount Furniture with the Maine Secretary of State. BDF–Mass subsequently opened a store under the name "Bob's Discount Furniture" in South Portland, Maine.[2]

---

1. Defendant did not oppose the issuance of the preliminary injunction.

2. Throughout the remainder of this opinion the name "Bob's Discount Furniture" will refer to both Plaintiffs.

### b. Bob's Discount Off–Price

Defendant Bob's Discount Off–Price is a Maine corporation with a principal place of business in Greene, Maine. Defendant first incorporated under the laws of the State of Maine as "Bob's Discount" on February 8, 1995. Robert H. Dinan is the President of the Defendant corporation. Prior to the 1995 incorporation, Mr. Dinan operated toy auction and flea market businesses known as "Dinan's Deals" and "Dinan's Baskets." In the early 1990s, Mr. Dinan changed the name of his business to Bob's Discount.[3] Prior to December 17, 1996, the date the USPTO approved Plaintiffs' trademark registration, Defendant operated stores under the name "Bob's Discount" in the Maine towns of Greene, Belfast, Rockland, and Fairfield. All of these stores are currently closed. Defendant currently operates stores in the Maine towns of Belfast,[4] Brewer, Lewiston, Scarborough, and Skowhegan.[5] None of Defendant's currently operating locations were open before 1996.

### c. The Present Dispute

When Defendant learned that Bob's Discount Furniture intended to open a store in South Portland, Maine, Mr. Dinan de-cided to change his store names to "Bob's Discount Furniture and More." On February 17, 2004, Defendant filed with the Maine Secretary of State a Statement of Intention to do Business Under an Assumed or Fictitious Name of "Bob's Discount Furniture and More." Prior to 2004, Defendant never used a mark including the phrase "Bob's Discount Furniture."[6] Defendant stopped using the mark "Bob's Discount Furniture and More" only after its attorney advised Mr. Dinan he should cease using the name.[7] Both parties admit that customers are likely to be confused between the mark "Bob's Discount Furniture" and the mark "Bob's Discount Furniture and More," and that some have, in fact, been so confused.

### II. Standard of Review

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit

---

3. From the parties' Statements of Material Fact, the Court is unable to determine the exact date when Mr. Dinan began operating as "Bob's Discount." The parties do not dispute that the business was called Bob's Discount starting in 1992 or 1993. Whether Mr. Dinan began operating as "Bob's Discount" prior to 1992 or 1993 is immaterial to the resolution of the present dispute.

4. Defendant currently has an operational store in Belfast, Maine, but this store is at a different location than the original Belfast store and only opened within the last year or two.

5. Defendant also currently operates a new store in Greene, but this store is known as "Mainway Auctions."

6. On August 16, 2002, Defendant filed an "intent to use" application with the USPTO for the mark "Bob's Off–Price." The USPTO refused to register "Bob's Off–Price" because the mark was "confusingly similar" to the registered mark "Bob's Discount Furniture."

7. During early 2004, when Defendant was using the "Bob's Discount Furniture and More" mark, Defendant placed advertisements in several Maine newspapers as "Bob's Discount Furniture and More," had a large mobile sign with the phrase "Bob's Discount Furniture and More" posted at the entrance to its Lewiston store, placed large magnetic signs displaying the name "Bob's Discount Furniture and More" on the sides of its trucks and vans, and had employees wear "Bob's Discount Furniture and More" T-shirts.

under the governing law if the dispute over it is resolved favorably to the non-movant. By like token, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)). "A trialworthy issue exists if the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.'" *De–Jesus–Adorno v. Browning Ferris Indus.*, 160 F.3d 839, 841–42 (1st Cir.1998) (quoting *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995)).

The Court views the record on summary judgment in the light most favorable to the nonmovant. *See Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 50 (1st Cir.2000). However, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has presented evidence of the absence of a genuine issue, the nonmoving party must respond by "placing at least one material fact into dispute." *FDIC v. Anchor Props.*, 13 F.3d 27, 30 (1st Cir.1994) (citing *Darr v. Muratore*, 8 F.3d 854, 859 (1st Cir.1993)).

## III. Discussion

### a. Plaintiffs' Claim for Trademark Infringement

■ Plaintiffs ask the Court to rule that there are no genuine issues of material fact as to any of the evidentiary components of Bob's Discount Furniture's trademark infringement claim and that as a matter of law, Defendant has infringed upon Plaintiffs' protected trademark. To prevail in a claim for trademark infringement, Plaintiffs must establish that (1) they use, and thereby own a mark; (2) the Defendant is using that same or similar mark; and (3) the Defendant's use is likely to confuse the public, thereby harming the Plaintiffs. *Star Fin. Servs., Inc. v. AAS-TAR Mort. Corp.*, 89 F.3d 5, 9 (1st Cir. 1996).

■ First, there is no dispute that Plaintiffs own the "Bob's Discount Furniture" mark as federal registration is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce or in connection with the goods and services specified in the registration ...." 15 U.S.C. § 1115(a). Moreover, Plaintiffs exhibited their intent to use the mark in Maine when BDF–Mass filed a Statement of Intention to do Business Under an Assumed or Fictitious Name of "Bob's Discount Furniture" with the Maine Secretary of State.

Second, the evidence presented to the Court on the summary judgment record conclusively establishes that Defendant used the similar mark "Bob's Discount Furniture and More."[8] Defendant admits

---

**8.** Any attempt to distinguish between Plaintiffs' trademark and "Bob's Discount Furniture *and More*" (emphasis added) ignores the fact that the second element of the *Star Fi-*nancial test requires only that "Defendant is using that same or *similar mark*." (emphasis added). The Court finds that the Defendant's

it used the "Bob's Discount Furniture and More" name when it placed a sign in front of its Lewiston store, when its employees wore shirts with the name, and when it placed magnetic signs on its vehicles proclaiming the business name as "Bob's Discount Furniture and More." Defendant also admits to filing a Statement of Intention to do Business Under an Assumed or Fictitious Name of "Bob's Discount Furniture and More" with the Maine Secretary of State. These facts establish that Defendant used the registered mark in commerce.

Third, both Plaintiffs and Defendant admit that customers have been confused about the identity of the respective stores, given the similarities in names. Mr. Dinan admits that Plaintiffs' customers call his stores inquiring about orders made from Plaintiffs and that bills addressed to each respective store have arrived at the wrong location. Accordingly, there is ample evidence in the existing record that Defendant's use has confused the public.

Because Plaintiffs have established the three elements necessary for a finding of trademark infringement, and Defendant has not offered any evidence to the contrary,[9] the Court will grant Plaintiffs' Motion for Summary Judgment as to Count II.

### b. Whether Defendant's Infringement was Willful

The Court now turns to the question of whether the infringement was "willful." Under the Lanham Act, the scope of available remedies for trademark infringement substantially expands in instances of willful infringement. 15 U.S.C. § 1125(c)(2) provides:

In an action brought under this subsection, the owner of the famous mark shall be entitled only to injunctive relief as set forth in section 1116 of this title unless the person against whom the injunction is sought willfully intended to trade on the owner's reputation or to cause dilution of the famous mark. If such willful intent is proven, the owner of the famous mark shall also be entitled to the remedies set forth in sections 1117(a) [10]

mark qualifies as "similar" under the *Star Financial* standard.

9. Indeed, Defendant concedes its liability on Count II and agrees to permit this Court to issue a permanent injunction restricting Defendant's use of the "Bob's Discount Furniture" and "Bob's Discount Furniture and More" marks. *See* Defendant's Amended Objection to Plaintiffs' Motion for Partial Summary Judgment (Docket Item No. 34) at 2.

10. 15 U.S.C. § 1117(a) provides:

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

and 1118 [11] of this title, subject to the discretion of the court and the principles of equity.

*Id.*

In determining whether issues of material fact exist concerning Defendant's alleged willful conduct, the Court notes that "[i]n the civil context, 'willful conduct denotes intentional, knowing and voluntary acts. It may also indicate a reckless disregard for obvious or known risks.'" *Thomsen v. United States,* 887 F.2d 12, 17 (1st Cir.1989) (quoting Monday v. United States, 421 F.2d 1210, 1215 (7th Cir.1970); *see also* BLACK'S LAW DICTIONARY 1630 (8th ed.2004) ("willful" defined as "voluntary and intentional, but not necessarily malicious.")).

█ To oppose a finding of willful infringement, Defendant contends that

[a]lthough the Defendant was aware of the Federal registration of the trademark 'Bob's Discount Furniture,' the Defendant only used the name 'Bob's Discount Furniture and More' for a short period of time within the State of Maine. Therefore, there is a factual question of material fact as to whether Defendant's use of the name 'Bob's Discount Furniture and More,' which was never registered by the Plaintiff, is a willful infringement.

Defendant's Amended Objection to Plaintiffs' Motion for Partial Summary Judgment (Docket Item No. 34) at 2. The problem with this argument, however, is that it raises issues pertinent to the damages question rather than the liability question. As stated *supra,* Defendant's use of the mark "Bob's Discount Furniture and More" constitutes trademark infringement under the three factors set forth in *Star Financial.* The duration of time during which Defendant held itself out as "Bob's Discount Furniture and More" is inconsequential to an evaluation of whether Defendant's use of the protected mark was intentional and voluntary. A willfulness determination focuses on whether there are any genuine issues of material fact at the time Defendant first used the mark, not the length of time the mark was used.

█ The Court, after thorough consideration of the summary judgment record, finds no persuasive evidence suggesting a dispute of material fact regarding the willfulness element. Robert Dinan admitted in his deposition that he did not seek to use the name "Bob's Discount Furniture and More" until he learned that Plaintiffs intended to open a store in Maine. Deposition of Robert Dinan at 131. Mr. Dinan further stated that that his purpose for using the "Bob's Discount Furniture and More" mark was because "I'm not letting anybody kick me off my turf and take away the goodwill that I created in this state." *Id.* at 131–32. Defendant's use of the "Bob's Discount Furniture" mark [12]

*Id.*

11. 15 U.S.C. § 1118 provides in part:
   In any action arising under this chapter, in which a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) of this title, or a willful violation under section 1125(c) of this title, shall have been established, the court may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or, in the case of a violation of section 1125(a) of this title or a willful violation under section 1125(c) of this title, the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.
   *Id.*

12. As stated *supra,* Defendant cannot hide behind the illusory distinction between Plain-

came about solely in response to Plaintiffs' decision to open a store in Maine. Defendant clearly anticipated a "turf-war" with Plaintiffs and filed his Intention to do Business Under an Assumed or Fictitious Name in order to gain a business advantage in the State of Maine. At the time Defendant sought to change its name, it had knowledge of Plaintiffs' federally registered trademark as evidenced through its unsuccessful attempt to federally register "Bob's Off–Price." Defendant's name change was thus voluntary and done in anticipation of Plaintiffs' arrival in Maine. Defendant has offered no evidence opposing a finding of willful infringement and has provided the Court with no basis upon which to find a genuine issue of material fact. As a result, the Court finds that Defendant's use of the mark "Bob's Discount Furniture and More" was willful infringement upon Plaintiff's mark.

### c. Defendant's Counterclaims

In their Motion for Summary Judgment, Plaintiffs move for entry of judgment on all of Defendant's counterclaims. Specifically, Defendant has alleged (1) trademark infringement, (2) cancellation or modification of registration, (3) false designation, dilution, and unfair competition, and (4) declaratory judgment that Defendant owns the right to the mark "Bob's Discount." *See* Answer (Docket Item No. 9) at 9–11. In order for Defendant to prevail on any of these claims, it must establish a right to the mark in question that is superior to Plaintiffs' rights.

Federal registration gives a party which has successfully registered a federal mark a nationwide right to protection. 15 U.S.C. § 1065; *Thrifty Rent–A–Car Sys., Inc. v. Thrift Cars, Inc.*, 831 F.2d 1177, 1180 (1st Cir.1987). However, preexisting users of the mark have certain limited

defenses that afford them protection. 15 U.S.C. § 1115(b) provides in pertinent part:

> To the extent that the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce ... subject to the following defenses or defects ...
>
> > (5) That the mark whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to (A) the date of constructive use of the mark established pursuant to section 1057(c) of this title, (B) the registration of the mark under this chapter if the application for registration is filed before the effective date of the Trademark Law Revision Act of 1988, or (C) publication of the registered mark under subsection (c) of section 1062 of this title: *Provided, however,* That this defense or defect shall apply only for the area in which such continuous prior use is proved.

*Id.* (emphasis in original).

■ Defendant urges the Court to examine the dispute under the Tea Rose–Rectanus doctrine, articulated by the Supreme Court in *Hanover Star Milling Co. v. Metcalf,* 240 U.S. 403, 413–23, 36 S.Ct. 357, 60 L.Ed. 713 (1916). This doctrine, however, is inapplicable due to Plaintiffs' federal trademark registration. As the Eighth Circuit has articulated:

tiffs' mark and the "Bob's Discount Furniture and More" mark used by Defendant.

Federal registration under the Lanham Act gives the trademark owner a nation-wide right to protection. In this respect, the Lanham Act partially overruled the Tea Rose–Rectanus doctrine— the owner of a mark registered under the Lanham Act, by expanding to a new trade area, may force any subsequent junior user to stop using an infringing mark in that area, even if the junior user adopted its mark in complete good faith. *Minn. Pet Breeders, Inc. v. Schell & Kampeter, Inc.*, 41 F.3d 1242, 1246 (8th Cir. 1994). Because the Tea Rose–Rectanus doctrine is inapplicable to the present dispute, the Court examines four factors under section 1115(b)(5) to determine whether Defendants have a common law right to the marks in question. First, did Defendant adopt the mark prior to Plaintiffs' date of registration? Second, did Defendant adopt the mark without knowledge of the registrant's prior use? Third, has Defendant used the mark continuously since that time? Fourth, what is the extent of the trade area in which Defendant used the mark prior to Plaintiffs' registration. *See Thrifty Rent–A–Car*, 831 F.2d at 1181; *see also What–A–Burger of Va., Inc. v. Whataburger, Inc.*, 357 F.3d 441, 446 (4th Cir.2004); *Champions Golf Club, Inc. v. Champions Golf Club, Inc.*, 78 F.3d 1111, 1123–24 (6th Cir.1996); *Foxtrap, Inc. v. Foxtrap, Inc.*, 671 F.2d 636, 640 (D.C.Cir. 1982).

The Court is able to dispose of the first two elements in Defendant's favor with little difficulty. Drawing the facts in the light most favorable to the non-moving party, as the Court is required to do when considering a motion for summary judgment, *see Santiago–Ramos*, 217 F.3d at 50, Defendant has produced evidence that it began using the mark "Bob's Discount" prior to December 17, 1996, the date the USPTO registered Plaintiffs' mark "Bob's Discount Furniture," and Defendant has produced evidence that it adopted the mark without knowledge of Plaintiffs' prior use. The issue requiring resolution, however, is whether Defendant's use of the "Bob's Discount" mark has been continuous since the date of Plaintiffs' registration.

■■ There is no dispute that Defendant has been in continuous operation since before the date Plaintiffs registered their mark. However, the problem for Defendant is that its stores that were in business prior to Plaintiffs' registration are no longer operational, and none of the five stores open today were open prior to Plaintiffs' registration.[13] As the First Circuit has articulated, "[a] pre-existing good faith user's rights are frozen to the geographical location where the user has established a market penetration as of the date of registration. Such users are unable thereafter to acquire additional protection superior to that obtained by the federal registrant." *Thrifty Rent–A–Car*, 831 F.2d at 1181. Therefore, none of Defendant's stores currently in operation are entitled to protection under the Lanham

---

**13.** The Court notes that the record reveals that some of the closed stores are in relative geographic proximity to some of Defendant's stores that are now open. However, even if the Court were to assume that two stores in neighboring towns could qualify for the continuous operation requirement under 15 U.S.C. § 1115(b)(5), Defendant's lack of knowledge of operational dates prevents him from raising a genuine issue of material fact on these claims. *See* Plaintiffs' Statement of Material Facts (Docket Item No. 26) ¶¶ 45–60; Defendant's Responsive Statement to Plaintiffs' Statement of Material Facts (Docket Item No. 31) ¶¶ 45–60. This inability to recall the duration of operation or the closing date of any of the stores that closed prior to Plaintiffs' registration prevents Defendant from being able to establish continuous operation in any geographical location. *See, e.g., All Video, Inc. v. Hollywood Entm't Corp.*, 929 F.Supp. 262, 265–66 (E.D.Mich.1996).

Act. Because Defendant can only exclude Plaintiffs from areas in which Defendant's stores actually used the mark on, or prior to, December 17, 1996, the date of Plaintiffs' federal registration, and because there are no genuine issues of material fact that the currently existing stores commenced operation after Plaintiffs' federal registration, Defendant cannot prevail on any of its counterclaims at trial, all of which require Defendant to have some rights to the mark in question.[14] Failure to prove an element of its prima facie case is fatal to Defendant's counterclaims. *See Rojas Ithier v. Sociedad Espanola de Auxilio Mutuo*, 394 F.3d 40, 44 (1st Cir.2005).

## IV. Conclusion

In accordance with the above opinion, the Court **ORDERS** as follows:

(1) Plaintiffs' Motion for Summary Judgment on Count II of their Complaint, be and it is hereby, **GRANTED** as to liability only;

(2) Plaintiffs' Motion for Summary Judgment on Counts I, II, III, and IV of Defendant's Counterclaim be, and it is hereby, **GRANTED**;

(3) Plaintiffs shall file a Motion with the Court for Permanent Injunction regarding Defendant's use of "Bob's Discount Furniture" and "Bob's Discount Furniture and More;"[15]

(4) Remaining for trial in their entirety are Counts I, III, and IV of Plaintiffs' Complaint and the damages portion only of Count II.

---

**14.** Because Defendant cannot prove that at least one store in operation prior to Plaintiffs' registration is currently open, the Court need not consider the trade area in which Defendant used the mark prior to Plaintiffs' registration.

**15.** Plaintiffs have not challenged Defendant's use of the marks "Bob's Discount" or "Bob's Discount Off–Price Superstores, Inc."