Christopher WAINWRIGHT, Plaintiff

v.

**COUNTY OF OXFORD, Defendant**

No. CIV.04–235–P–C.

United States District Court,
D. Maine.

April 21, 2005.

---

John W. Chapman, Kelly and Chapman, PA, Portland, ME, for Christopher Wainwright, Plaintiff.

John J. Wall, III, Monaghan Leahy, LLP, Portland, ME, for Oxford, County of, Defendant.

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE CASE TO STATE COURT

GENE CARTER, Senior District Judge.

Plaintiff Christopher Wainwright commenced this action against Defendant County of Oxford in the Superior Court of the State of Maine. Plaintiff's three count Complaint sets forth claims under Maine Rule of Civil Procedure 80B (Count I), Maine's Freedom of Access Law, 1 M.R.S.A. § 409(2) (Count II), and 42 U.S.C. § 1983 (Count III). Defendant timely removed the case to the federal

forum pursuant to this Court's federal question jurisdiction as provided for under 28 U.S.C. § 1331.

Now before the Court is Defendant's Motion for Summary Judgment (Docket Item No. 11). For the reasons set forth below, the Court will grant Defendant's Motion as to Counts I and III and remand Count II to the state court.

## I.  Factual Background

The Court views the record on summary judgment in the light most favorable to the nonmovant. *See Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 50 (1st Cir.2000). The summary judgment record supports the following relevant facts.

Since April 1991, Plaintiff Wainwright has been employed as a deputy sheriff in the County of Oxford, Maine. In September 2004, Plaintiff was also a duly elected selectman for the Town of Canton, Maine and had been designated by election pursuant to 30–A M.R.S.A. § 892 as a member of the Oxford County Budget Advisory Committee (hereinafter "the Committee").[1] This Committee is charged with reviewing the budget estimate prepared by the Oxford County Commissioners and formulating the budget to be submitted to the Commissioners for final approval.

Shortly after Plaintiff was elected to the Committee, questions were raised by the Oxford County Commissioners concerning whether Maine law prohibits a full-time deputy sheriff from serving on the Committee. On September 2, 2004, Oxford County Assistant District Attorney Joseph M. O'Connor submitted a letter to Oxford County Clerk Carole Mahoney in which he opined that 30–A M.R.S.A. § 355(2) precluded Plaintiff from serving on the Committee. *See* Letter from Joseph M. O'Connor, Oxford County Assistant District Attorney, to Carole Mahoney, Oxford County Clerk (Sept. 2, 2004) (Attached as Exhibit 1 to Affidavit of Carole Mahoney (Docket Item No. 12)). On September 10, 2004, the Oxford County Commissioners held a meeting to discuss the implications of Mr. O'Connor's letter. Although Plaintiff's attorney attended this meeting and was permitted to address the Commissioners, Plaintiff alleges that he was not provided sufficient opportunity to respond to the issues raised by Mr. O'Connor's letter. *See* Plaintiff's Response to Defendant's Statement of Material Facts (Docket Item No. 15), at 3. After hearing from Plaintiff's attorney, the Commissioners voted to remove Plaintiff from his position on the basis that a seat on the Committee constitutes a "county office" and Maine law pre-

---

1.  30–A M.R.S. § 892 provides in part:
Before September 15th of every year, the county commissioners shall notify all municipal officers to caucus by county commissioner district at a specified date, time and place for the purpose of electing 2 municipal officers from each district as members of the county budget advisory committee. The county commissioner shall serve as nonvoting moderator for that district caucus. Nominations must be received from the floor. The 2 nominees receiving the most votes are the budget advisory committee members. The names of those elected by the caucus must be recorded and forwarded to the county com-

missioners. When the district meeting fails to produce 2 budget committee member nominees, the county commissioner of the district may appoint a municipal officer from that district to each vacant seat within 10 days of the district caucus. The county commissioner shall include notice of this appointment provision in the original notice to convene the caucus if the commissioner plans to exercise the appointment authority granted in this subsection. A municipality may not at any time have more than one representative serving on the budget advisory committee.
30–A  M.R.S. § 892(2).

vents full-time deputy sheriffs from holding such positions.[2] This lawsuit followed.

## II.  Standard of Review

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)). "A trialworthy issue exists if the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.' " *De–Jesus–Adorno v. Browning Ferris Indus.*, 160 F.3d 839, 841–42 (1st Cir.1998) (quoting *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995)).

Summary judgment will be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has presented evidence of the absence of a genuine issue, the nonmoving party must respond by "placing at least one material fact into dispute." *FDIC v. Anchor Props.*, 13 F.3d 27, 30 (1st Cir. 1994) (citing *Darr v. Muratore*, 8 F.3d 854, 859 (1st Cir.1993)).

## III.  Discussion

Resolution of Defendant's Motion for Summary Judgment turns on whether a seat on the Committee is properly classified as a "municipal" position or a "county" position. Prior to a 1995 amendment, 30–A M.R.S.A. § 355(2) mandated that "[n]o full-time deputy may hold the municipal office of selectman, city councilor or budget committee member or any county or state office." 30–A M.R.S.A. § 355(2) (1994). In 1995, the Maine Legislature amended section 355 through a Bill titled, "An Act to Permit Full-time Deputies to Hold Local Public Office." Title 30–A M.R.S.A. § 355(2) now provides that "[a] full-time deputy may not hold any other elective or appointive county office or a state office." 30–A M.R.S.A. § 355(2) (2005).

Until the passage of the 1995 amendment, Plaintiff not only would have been prevented from serving on the Committee, but also would have been prevented from holding his position as a municipal selectman. It is undisputed that the change in the law now allows Plaintiff to serve as a selectman for the Town of Canton. The issue disputed by the parties is whether the 1995 amendment also permits Plaintiff to serve on the Committee. As articulated in greater detail below, the Court concludes that it does not.

### A.  Principles of Statutory Construction

The Court begins by noting that the issue presented in this case, whether a

---

**2.**  Plaintiff contends that the Commissioners' decision to remove him was made outside of a

legally authorized session.

seat on a County Budget Advisory Committee is a "county office" under 30–A M.R.S.A. § 355, is an issue of first impression before this Court. Furthermore, the parties do not cite any cases from the Maine state courts that discuss this specific issue.[3]

■ When construing a statute, a court first must determine whether the plain language of the statute is unambiguous and its purpose clear. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Bryson v. Shumway,* 308 F.3d 79, 84 (1st Cir.2002) ("If the meaning of a statute is clear, we enforce that meaning"); *United States v. Meade,* 175 F.3d 215, 219 (1st Cir.1999) (noting that when "the plain language of a statute unambiguously reveals its meaning, and the revealed meaning is not eccentric, courts need not consult other aids to statutory construction."). The Court is satisfied that the plain language of section 355 is clear and unambiguous.

### B. Whether a Committee Seat is a "County" Office

Plaintiff correctly notes that pursuant to 30–A M.R.S.A. § 892(1), only municipal officers may be appointed to the Oxford County Budget Advisory Committee. Furthermore, the term "municipal officer" as it refers to the Oxford County Budget Advisory Committee means a selectman or council member. *Id.* § 892(4). Therefore, Plaintiff's position as a selectman made him eligible to serve on the Committee under section 892; however, the issue in this case is whether Plaintiff's employment as a full-time deputy excludes him from service under section 355.

In arguing that he is entitled to a seat on the Oxford County Budget Advisory

Committee, Plaintiff contends that the Maine legislature considers Budget Committee members to be municipal officials, not county employees. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Docket Item No. 15), at 3. In support of this proposition, Plaintiff cites to the statement of fact following the text of the 1995 amendment to 30–A M.R.S.A. § 355, which provides that "[t]his bill removes the restrictions on full-time deputies holding the municipal offices of selectmen, city councilor or budget committee member." L.D. 186, Statement of Fact (117thLegis.1995). The problem with this argument, however, is that Plaintiff ignores the distinction between membership on a county budget committee and membership on a town or municipal budget committee. Many Maine towns, including Plaintiff's home town of Canton, have municipal budget committees. The 1995 amendment to section 355 does allow for full-time deputies to serve on these municipal budget committees.

■ Title 30–A does not define the term "county office" as it relates to section 355. However, as Defendant suggests, viewing the statute in its appropriate context clearly suggests that membership on the Committee is a county office. *See* Defendant's Motion for Summary Judgment, at 4–5. Chapter Three of Title 30–A is entitled "*County* Budget and Finances." (Emphasis added). Furthermore, 30–A M.R.S.A. § 892 establishes the *Oxford County* Budget Advisory Committee. Title 30–A § 893 sets forth the role of the Committee, which is exclusively related to Oxford County and carries no municipal function, to wit:

> The Oxford County commissioners shall submit a budget estimate for the coming year to the budget advisory committee

**3.** Moreover, the Court is not aware of any cases addressing the issue presented here.

no later than November 1st of each year. The budget advisory committee shall review the budget estimate and prepare the budget. The budget must be presented to the county commissioners before December 1st of each year. The county commissioners shall act on the budget in a timely fashion, not later than December 15th of the year preceding the budget year. If the adopted budget is changed by the county commissioners, the budget advisory committee may reject that change by a 2/3 vote of its membership. Those actions are final and not subject to further action by either the county commissioners or the budget advisory committee.

30–A M.R.S.A. § 893(2). The structure of Title 30–A, Chapter Three, and the function of the Committee make clear that membership on the committee is a "county office" and not a "municipal office." Consequently, Plaintiff was prohibited from accepting a seat on the Committee at the time he was appointed.

### C. Substantive Remedies

■■■ Without a right to a position on the Committee, Plaintiff's claim alleging deprivation of a position without due process in violation of 42 U.S.C. § 1983 must also fail. The Due Process Clause of the Fourteenth Amendment of the United States Constitution affords a public employee who has a property interest in continued employment an opportunity for a hearing regarding the reasons for his employment termination. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Ortega–Rosario v. Alvarado–Ortiz,* 917 F.2d 71, 73 (1st Cir.1990). To establish

the existence of a property interest, "the employee must demonstrate that he has a legally recognized expectation that he will retain his position." *Ortega–Rosario,* 917 F.2d at 73. Plaintiff cannot do so here. Because Plaintiff had no right to a position on the Committee, he cannot maintain a claim for deprivation of due process under section 1983. Consequently, Defendant's Motion for Summary Judgment as to Count III will be granted.

Count I of Plaintiff's Complaint requests review of governmental action pursuant to Me. R. Civ. P. 80B. The Court's conclusion that Plaintiff is prohibited from serving on the Committee obviates any need for Rule 80B review. Accordingly, Defendant's Motion for Summary Judgment as to Count I will be granted and Plaintiff's Motion for Trial on the Facts (Docket Item No. 9) will be dismissed as moot.

■■■ The only remaining Count in Plaintiff's Complaint is Count II, alleging a violation of Maine's Freedom of Access Law, 1 M.R.S.A. § 409(2). This claim raises issues of county government procedure that are independent of the substantive question of whether Plaintiff's employment as a full-time deputy precludes him from serving on the Committee. The Court having answered the substantive question in the affirmative, and there being no other basis of federal jurisdiction, the Court must determine whether to entertain Plaintiff's claim under 1 M.R.S.A. § 409.[4] *See* 28 U.S.C. § 1367(c)(3) (expressly authorizing a district court to decline the exercise of supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *United Mine Workers of Am. v. Gibbs,* 383 U.S.

---

**4.** Although Plaintiff's claim under Rule 80B is also a state law claim, resolution of that claim is intertwined with Plaintiff's federal claim under section 1983. Because the Court's ruling that 30–A M.R.S.A. § 355 prohibits Plain-

tiff from serving on the Committee is fatal to both the federal claim and the Rule 80B claim, the Court is satisfied that it is appropriate to exercise supplemental jurisdiction over the Rule 80B claim only.

715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995) ("[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"); *Snowden v. Millinocket Reg'l Hosp.*, 727 F.Supp. 701, 710 (D.Me.1990) (the *Gibbs* doctrine "require[s] dismissal without action on the merits and without any exercise of discretion if all the federal claims in this suit are found to be, short of trial, deficient.").

The Court is of the view that under 28 U.S.C. § 1367(c)(3) it should decline to exercise supplemental jurisdiction over Plaintiff's Freedom of Access Law claim and to permit Plaintiff to proceed on Count II in the forum best suited to resolve the claim: the courts of the State of Maine. *See Connolly v. H.D. Goodall Hosp., Inc.*, 353 F.Supp.2d 84, 91 (D.Me. 2005).

### IV.  Conclusion

For the reasons set forth above, the Court **ORDERS** as follows:

(1) Defendant's Motion for Summary Judgment be, and it is hereby, **GRANTED** as to Counts I and III;

(2) There being no remaining independent basis of federal jurisdiction, Count II of Plaintiff's Complaint be, and it is hereby, **REMANDED** to the Superior Court of the State of Maine in and for the County of Oxford;

(3) Plaintiff's Motion to Permit Trial on the Facts (Docket Item No. 9) be, and it is hereby, **DENIED** as moot;

(4) The Clerk shall wait until the expiration of the appeal period before entering any order remanding this case to state court.

*So ORDERED.*