Jerald J. BENNETT, Plaintiff

v.

CITY OF BIDDEFORD, Defendant

No. CIV.04–70–P–C.

United States District Court,
D. Maine.

April 5, 2005.

Nicholas J.K. Mahoney, Law Office of Nicholas, J.K. Mahoney, P.A., Biddeford, ME, for Jerald J. Bennett, Plaintiff.

Edward R. Benjamin, Jr., Thompson & Bowie, Michael E. Saucier, Thompson & Bowie, Portland, ME, for City of Biddeford, Defendant.

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS

GENE CARTER, Senior District Judge.

Plaintiff Jerald Bennett commenced this suit against the City of Biddeford (hereinafter "the City") after his business occupancy permit was revoked by the City for alleged code violations.[1] Plaintiff contends that he was singled out and prosecuted without any substantiated evidence of local ordinance violations. In his Complaint, Plaintiff alleges one count arising under 42 U.S.C. § 1983, one count under the Maine Civil Rights Act, 5 M.R.S.A. § 4682, and one count of intentional infliction of emotional distress.

Now before the Court is Defendant's Motion for Summary Judgment (Docket Item No. 16). For the reasons set forth below, the Court will grant in part Defendant's Motion.

### I. Summary Judgment Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to

---

1. Plaintiff operated a business known as "Spa   · 2000."

2

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). " 'In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the non-movant. By like token, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.' " *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)). "A trialworthy issue exists if the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.' " *De–Jesus–Adorno v. Browning Ferris Indus.*, 160 F.3d 839, 841–42 (1st Cir.1998)(quoting · *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995)).

Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has presented evidence of the absence of a genuine issue, the nonmoving party must respond by "placing at least one material fact into dispute." *FDIC v. Anchor Props.*, 13 F.3d 27, 30 (1st Cir. 1994) (citing *Darr v. Muratore*, 8 F.3d 854, 859 (1st Cir.1993)).

## II. Plaintiff's Section 1983 Claim

Plaintiff's claim under section 1983 will only be successful if he establishes that the City was responsible for an unconstitutional policy or custom *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("Local governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers ... [or] ... for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."); *Silva v. Worden*, 130 F.3d 26, 30–31 (1st Cir.1997) ("a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal policy or a custom that caused the plaintiff's injury.... The disputed policy or custom must also be the cause and moving force behind the deprivation of constitutional rights.") (internal citations and punctuation omitted).

Plaintiff's Complaint makes no allegations pointing to the existence of a municipal policy or custom underlying the municipal conduct of which complaint is made. Furthermore, Plaintiff has provided the Court with no facts whatever that would allow the Court to even infer the existence of such a policy or custom Plaintiff's sole statement that "Mr. Bennett has shown that the practice was so widespread throughout these departments *with respect to his situation* as to constitute the Policy of the City of Biddeford and for liability to attach in the sense of a 1983 action," Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Docket Item No. 19), at 5 (emphasis added), is insufficient on multiple grounds. First, this bald assertion of a policy without any factual support in the record is insufficient to survive summary judgment. Second, Plaintiff has offered no evidence that the City carried out

an unconstitutional policy in any instances other than the events about which he complains. "Absent evidence of an unconstitutional municipal policy, a single incident of misconduct cannot provide the basis for municipal liability under § 1983." *Fabiano v. Hopkins*, 352 F.3d 447, 452 (1st Cir.2003) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). Without any evidence of a municipal policy or custom, Plaintiff cannot maintain a cause of action against a municipality under section 1983.

### III. Plaintiff's State Law Claims

In the absence of any remaining federal claims, the Court must next determine whether to entertain Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (expressly authorizing a district court to decline the exercise of supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995) ("[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"); *Snowden v. Millinocket Reg'l Hosp.*, 727 F.Supp. 701, 710 (D.Me.1990) (the *Gibbs* doctrine "require[s] dismissal without action on the merits and without any exercise of discretion if all the federal claims in this suit are found to be, short of trial, deficient.").

The Court is of the view that under 28 U.S.C. § 1367(c)(3) it should decline to exercise supplemental jurisdiction. Accordingly, the Court will dismiss Plaintiff's claim under 5 M.R.S.A. § 4682[2] and his intentional infliction of emotional distress claim without prejudice and allow Plaintiff the opportunity to refile these claims in the forum best suited to resolve them: the courts of the State of Maine. *See, e.g., Connolly v. H.D. Goodall Hosp., Inc.*, 353 F.Supp.2d 84, 91 (D.Me.2005).

### IV. Conclusion

For the reasons set forth above, it is **ORDERED** that Defendant's Motion for Summary Judgment be, and it is hereby, **GRANTED** as to Count I only. There being no independent basis of federal jurisdiction, it is **FURTHER ORDERED** that Counts II and III of Plaintiff's Complaint be, and they are hereby, **DISMISSED** without prejudice.

---

**2.** The Court notes that 5 M.R.S.A. § 4682(2) does not give this Court the authority to adjudicate a case brought under the Maine Civil Rights Act without an independent basis of federal jurisdiction. *Id.* § 4682(2) ("The ac-

tion … must be instituted in the Superior Court for the county where the alleged violator resides or has a principal place of business.").